IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DEMETRICE VENTERS** § | | **CIVIL ACTION NO.: 4:20-cv-2272** |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| **v.** § | | |
| § | | |
| § | | |
| **WALGREEN COMPANY** § | | **JURY DEMANDED** |
| **Defendant.** § | | |
| § | | |

___

**PLAINTIFF'S ORIGINAL COMPLAINT**
___

**TO THE HONORABLE DISTRICT COURT JUDGE**:

Plaintiff Demetrice Venters ("Ms. Venters" or "Plaintiff") files this Original Complaint for causes of action stated below, complains of and about Defendant Walgreen Company ("Walgreens" or "Defendant"), and will show onto the Court as follows:

## I.     PARTIES

1. Plaintiff Demetrice Venters is a U.S. Citizen residing in Harris County, Texas.

2. Defendant Walgreen Company is a foreign for-profit corporation incorporated in the State of Delaware and headquartered in the State of Illinois. Walgreens regularly conducts business in Harris County, Texas. Walgreens may be served with process by serving its registered agent, Corporate Service Company, at 251 Little Falls Drive, Wilmington, DE, 19808.

## II.     JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (2018). Plaintiff's causes of action arise under a federal statute, namely, Title VII of the Civil Rights act of 1964, 42 U.S.C.

§ 2000e-2(a)(1), and Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

4. Additionally, this Court has supplemental jurisdiction over Plaintiff's similar State law claims pursuant to 28 U.S.C. § 1367, because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution. Plaintiff's supplemental jurisdiction claims arise under the Texas Commission on Human Rights Act, which is codified in Chapter 21 of the Texas Labor Code, Texas Labor Code § 21.001 et seq. ("TCHRA").

5. Venue is proper in the Southern District of Texas - Houston Division pursuant to 28 U.S.C. § 1391(a), because this is the judicial district where all or a substantial part of the events or omissions giving rise to the claim occurred.

### III.   NATURE OF THE ACTION

1. This is an action brought pursuant to Title VII and TCHRA on the grounds that Plaintiff, Demetrice Venters, was discriminated against, retaliated against, and subjected to a hostile work environment and sexual harassment based on her race and sex in violation of Title VII. Moreover, Plaintiff faced discrimination because of her age (56 years old) in violation of the Age Discrimination in Employment Act of 1967 (as amended by the Civil Rights Act of 1991) (which is codified in 29 U.S.C. § 621 et seq.) (hereinafter referred to as the "ADEA").

6. This action is to correct and recover for Defendant's unlawful employment practices, including the retaliation against Plaintiff for Plaintiff's participation in protected activities, such as complaining of workplace discrimination, sexual harassment and retaliation.

7. This is also an action to correct and recover for Defendant's violations of TCHRA. Specifically, Plaintiff complains that Defendant discriminated and retaliated against her (1) based

2
*Plaintiff's Original Complaint*

on the perception of race, age, sex and sexual harassment; and (2) for engaging in protected activities. *See* TEX. LAB. CODE § 21.001 *et seq*.

8.  This is an action is further brought pursuant to Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 to correct and recover for Defendant Walgreens unlawful and discriminatory employment practices directed at Plaintiff because of Plaintiff's race (African American).

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.  On September 17, 2019, Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant for discrimination based on race, age, sex and sexual harassment and for retaliation against Plaintiff for participating in protected activities (Charge No. 460-2019-01275).

10.  Subsequently, the EEOC issued Plaintiff with a Notice of Right to Sue, dated March 30, 2020.  Plaintiff files this lawsuit within ninety (90) days of receiving the said notice. Therefore, this lawsuit is timely filed.

11.  No administrative exhaustion or other conditions precedent are required prior to the filing of claims under 42 U.S.C. §1981.

## V.  FACTS

12.  For over thirty years, Ms. Venters has been a loyal, reliable and passionate employee for Defendant. As a Registered Pharmacist, Ms. Venters has been an exemplary employee committed to serving Defendant's mission. Throughout her employment with Defendant, Ms. Venters has shown relentless dedication to Defendant and its customers. Everything at work was going well for Ms. Venters until she complained about the sexual

harassment she had been receiving from Christopher Alan Magee ("Mr. Magee"), Defendant's District Manager and Ms. Venters' supervisor. Once Ms. Venters made her sexual harassment complaint, her environment at work quickly changed for the worse, and Ms. Venters immediately began to be singled out for retaliation. After three decades with Defendant, there is simply no other reason for the mistreatment Ms. Venters is now facing other than retaliation for her sexual harassment complaints against her supervisor. Ms. Venters now fears for her job and her safety.

13. Ms. Venters first reported that she was being sexually harassed by Mr. Magee in February 2018. She called Defendant's employee hotline and explained Mr. Magee's lewd behavior. Mr. Magee has a history of singling out Defendant's African American female employees. Mr. Magee propositions his African American female co-workers for sex and speaks to them inappropriately about sexual matters. Despite Ms. Venters' numerous complaints to Defendant, nothing has been done to stop the sexual harassment or eliminate her harasser. Ms. Venters has been forced to work with Mr. Magee and continues to be harassed daily.

14. Sometime in March 2018, shortly after her first sexual harassment complaint against Mr. Magee, Ms. Venters received an extremely low score on her work performance evaluation. The demeaning performance evaluation, coupled with the continual harassment from Mr. Magee, forced Ms. Venters to call the hotline a second time. Ms. Venters was then informed that she needed to call loss prevention officer Paul Frederickson ("Mr. Frederickson"). In April 2018, Ms. Venters called Mr. Frederickson and reported the sexual harassment she had been receiving from Mr. Magee for a third time. Additionally, Ms. Venters continued to follow up with the hotline about her initial complaints. Despite her myriad of complaints, Mr. Magee's sexual

harassment was never addressed. Ms. Venters even expressed her concerns through the "My Voice Survey," but that too did nothing to stop Mr. Magee's harassment.

15. On May 27, 2018, another employee, Manager Matthew May ("Mr. May") attempted to inappropriately touch Ms. Venters. Ms. Venters reported Mr. May's unwanted sexual advances to Defendant's hotline to no avail. Like before, nothing was done by Defendant to reprimand Mr. May. Just a few months later, Ms. Venters learned from a coworker that Defendant was doing everything it could to fire her. Ms. Venters filed one more complaint in November 2018 to which she received no response, despite her continuous follow-ups with the hotline and Defendant's human resource department.

17. After months of agony, on December 10, 2018, Ms. Venters filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Ms. Venters also continued to follow up with Human Resources and Mr. Frederickson. Although Ms. Venters continued to follow the proper steps and procedures for filing a complaint, Defendant failed to provide her relief from sexual harassment. Today, Ms. Venters continues to receive mistreatment from Mr. May and Mr. Magee, and it has now affected her job security.

18. Just after she filed her EEOC complaint, on February 11, 2019, Ms. Venters learned from a coworker that Mr. Magee "had it out for her" and that he was going to write her up. She also learned later that Mr. Magee wanted to put her on a Performance Improvement Plan ("PIP"). This was just weeks after she filed the EEOC complaint. Ms. Venters also learned that a Human Resources representative would not allow Mr. Magee to put Ms. Venters on a PIP. However, that did not stop Mr. Magee from singling Ms. Venters out and harassing Ms. Venters at each interaction between them.

19. To date, Ms. Venters continues to hear regularly that Mr. Magee wants her fired, that he wants to put her on a PIP, and that he has issues with her. There is only one reason why Mr. Magee could possibly want to terminate Ms. Venters and that is because she reported his sexual harassment.

## VI. TITLE VII RACE DISCRIMINATION

20. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

21. Defendant intentionally engaged in unlawful employment practices of discriminating against Plaintiff on the basis of Plaintiff's race.

22. Plaintiff is a member of a protected class, namely African American, clearly qualified for the position she is holding with Defendant.

23. Plaintiff was subjected to adverse employment actions, namely, discriminated against in connection with the compensation, terms, conditions, and privileges of employment, as well as limited, segregated, or classified in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status on the account of Plaintiff's race (African American), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

24. Defendant's non-African American employees were treated more favorably, compared to Plaintiff.

## VII. TCHRA RACE DISCRIMINATION

25. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

26. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her race (African American).

27. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status because of Plaintiff's race (African American), in violation of Texas Labor Code § 21.051 *et seq*.

## VIII.   TITLE VII SEX DISCRIMINATION

28. Plaintiff incorporate by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

29. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her sex (female).

30. Plaintiff was subjected to adverse employment actions, namely, discriminated against in connection with the compensation, terms, conditions, and privileges of employment, as well as limited, segregated, or classified in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status on the account of Plaintiff's sex (female), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

31. Male employees of Defendant were treated more favorably and were not subjected to disparate treatment in the same or similar circumstances.

## IX.   TCHRA SEX DISCRIMINATION

32. Plaintiff incorporate by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

33. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her sex (Female).

34. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status because of Plaintiff's sex (Female), in violation of Texas Labor Code § 21.051.

## X.  SECTION 1981 RACIAL DISCRIMINATION

35. Plaintiff hereby incorporate by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

36. Pursuant to 42 U.S.C. §1981 Plaintiff pleads a cause of action against the Defendant for racial discrimination.

37. Plaintiff was treated differently than other employees that are not of African American descent. Defendant engaged in discrimination against Plaintiff, an African American female, by harassing her in her workplace, and making her work environment hostile solely or predominantly because of Plaintiff's race, thus depriving Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee. As a result of Defendant's discrimination, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## XI. ADEA AGE DISCRIMINATION

38. Plaintiff hereby incorporate by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

39. Pursuant to 42 U.S.C. §1981 Plaintiff pleads a cause of action against the

Defendant for age discrimination.

40. Plaintiff was treated differently than other employees that are younger than her. Defendant engaged in discrimination against Plaintiff, a 56-year-old woman, by harassing her in her workplace, and making her work environment hostile solely or predominantly because of Plaintiff's age, thus depriving Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee. As a result of Defendant's discrimination, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## XII. TCHRA AGE DISCRIMINATION

41. Plaintiff hereby incorporate by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

42. Pursuant to 42 U.S.C. §1981 Plaintiff pleads a cause of action against the Defendant for racial discrimination.

43. Plaintiff was treated differently than other employees that are younger than her. Defendant engaged in discrimination against Plaintiff, a 56-year-old female, by harassing her in her workplace, and making her work environment hostile solely or predominantly because of Plaintiff's age, thus depriving Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee. As a result of Defendant's discrimination, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## XIII.  TITLE VII RETALIATION

44. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

45. Plaintiff engaged in activities protected by applicable federal and state law,

namely, reported discrimination and sexual harassment at the hands of Defendant on the basis of her race, age and sex.

46.     Defendant intentionally retaliated against Plaintiff because of the said complaints of race, age and sex discrimination and sexual harassment made to Defendant prior by reducing Plaintiff's hours.

## XIV.  TCHRA RETALIATION

47.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

48.     Defendant intentionally retaliated against Plaintiff because of the complaints of discrimination and sexual harassment made to Defendant in violation of the Texas Labor Code § 21.055.

## XV.  SECTION 1981 RETALIATION

49.     Plaintiff hereby incorporates by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

50.     Pursuant to 42 U.S.C. § 1981, Plaintiff pleads a cause of action against Defendant for retaliation. Defendant intentionally retaliated against Plaintiff because she complained to Defendant about the race discrimination she experienced while employed by Defendant.

51.     After Plaintiff's protected complaints of the racially discriminatory actions by Defendant, Plaintiff was subjected to a hostile work environment and subsequent reduction in hours, in violation of 42 U.S.C. §1981. As a result of Defendant's retaliation, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## XVI.  JURY DEMAND

52. Plaintiffs demand a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submit the jury fee.

## XVII. PRAYER

53. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

   a. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any amendments hereto, including but not limited to back pay, future wages, upgrading, and compensation for benefits not received;

   b. Compensatory damages, including, but not limited to, emotional distress;

   c. Past, present, and future physical pain and mental suffering;

   d. Punitive damages;

   e. Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

   f. Pre-judgment interest at the highest rate permitted by law;

   g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

   h. Costs of Court; and

   i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully submitted,

**kennard law P.C.**

_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
S.D. ID 713316
2603 Augusta Dr., Suite 1450
Houston, Texas 77057
Telephone: (713) 742-0900
Facsimile: (713) 742-0951
Email: alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

*Plaintiff's Original Complaint*